UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DION J. BROWN

    Plaintiff,

v.

                                      Case No. 1:23-cv-1200

U.S. XPRESS, INC.
                                      Hon. Robert J. Jonker

    Defendant.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

      Plaintiff Dion J. Brown worked for Variant—an internal division of the asset-based trucking company Defendant U.S. Xpress, Inc.—from July to November 2022.  (Paul Decl. ¶ 17 at PageID.71).  In this action for lost wages, Brown alleges that U.S. Xpress violated the Fair Credit Reporting Act and tortiously interfered with his employment by falsely reporting that Brown had been involved in an accident with one of its trucks.  (ECF No. 1 at PageID.3).  U.S. Xpress moves to compel arbitration, asserting that Brown signed a mandatory Arbitration Program Agreement at the time of his hiring.  (ECF No. 10).  On April 24, 2024, Magistrate Judge Green filed a Report and Recommendation recommending that the Court grant U.S. Xpress's Motion and dismiss the case.  (ECF No. 20 at PageID.137).  The Court has reviewed the Magistrate Judge's Report and Recommendation, which was duly served on the parties.  No objections have been filed under 28 U.S.C. § 636(b)(1)(C).

      **ACCORDINGLY, IT IS ORDERED** that:

    1.    The Report and Recommendation of the Magistrate Judge, (ECF No. 20), is **APPROVED AND ADOPTED** as the opinion of the Court.  The Court notes that

after Judge Green issued his Report and Recommendation, the Supreme Court held in *Smith v. Spizzirri* that § 3 of the Federal Arbitration Act requires district courts to stay an action referable to arbitration if a party requests one. 601 U.S. ___, 2024 WL 2193872, at *2 (2024). Neither has done so here, however, so the Court retains discretion over whether to stay or dismiss this action.[1] *See Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 942 (6th Cir. 2021); *Davis v. Ally Fin. Inc.*, No. 23-cv-22897, 2024 WL 2239144, at *4 & n.4 (D.N.J. May 17, 2024) (interpreting *Spizzirri* as preserving district courts' discretion to dismiss actions subject to binding arbitration when no party requests a stay). Because the Court anticipates that its only potential role moving forward will be to enforce an arbitration award, dismissal is still appropriate.

2. Defendant U.S. Xpress's Motion for to Compel Arbitration, (ECF No. 10), is **GRANTED**.

3. This matter is **TERMINATED**.

**IT IS SO ORDERED.**

Dated:  May 24, 2024               /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE

---

[1] U.S. Xpress requests "an order . . . dismissing all of the claims asserted by Plaintiff against U.S. Xpress or, in the alternative, staying this action pending the arbitration of all claims." (ECF No. 10 at PageID.51). The Court interprets this language as requesting a stay *only if* the Court declines to dismiss the action. Brown's brief opposing U.S. Xpress's motion does not take a position on the issue.